IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR77 |
| | ) | |
| v. | ) | |
| | ) | |
| HERBERT JORDAN HARRIS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Herbert Harris's Motion to Proceed In Forma Pauperis (IFP) (Filing No. 27), Motion for Transcripts and Report of Proceedings (Filing No. 28), and Motion for Prompt Disposition (Filing No. 29). The defendant did not accompany his motions with any requests for collateral review of his conviction.

**Motion to Proceed IFP**

The defendant requests that this court allow him proceed IFP and be free of costs and fees in proceeding with a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *See* Filing No. 27. The defendant states that he is "indigent" and "without income" to pay the costs associated with such a motion. The defendant additionally states that "he does not own any real property, jewelry, accounts, or anything else of value" and directs the court to see the "attached audit of his inmate trust fund account for 6 months." *See id.* A district court

> may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person **who submits an affidavit** that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a) (*emphasis added*). The defendant did not submit an affidavit with the current motion in accordance with 28 U.S.C. § 1915(a). However, the defendant did file

an Inmate Statement on November 30, 2007, pursuant to Magistrate Judge Thomas D. Thalken's order of March 13, 2007 (Filing No. 7), and previously filed a Financial Affidavit with this court in support of a request for appointment of counsel in his Indictment proceedings (*see id.*).  Thus, in this case, because the defendant previously submitted a Financial Affidavit and was appointed counsel based on his indigent status and filed an Inmate Statement as evidence of his inability to pay, the court will grant the defendant's motion to allow the defendant to proceed IFP.

**Motion for Transcripts**

In the defendant's Motion for Transcripts, the defendant states that he is "in need of his transcripts in order to file a U.S.C. § 2255 petition" and that "he is indigent and without income to pay the cost of the requested documents."  *See* Filing No. 28.  Under 28 U.S.C. § 2250, the filing of a motion for collateral review of a conviction and a motion for leave to proceed in forma pauperis **are to be filed before** free copies of the record or parts of the record may be furnished to the moving party.  Section 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Also, the court stated in *Chapman v. United States,* 55 F.3d 390, 390-91 (8th Cir. 1995), that:

> [w]e held in *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (*per curiam*), that under 28 U.S.C. § 753(f) and under Supreme Court authority "any request for a free transcript prior to the filing of a section 2255 complaint is premature."  We also held that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case.  *Id.* at 353.  The district court correctly held that [the

2

> defendant] was not entitled to copies of transcripts at government expense
> in advance of filing suit.

Thus, the court finds that the defendant's Motion for Transcripts and Report of Proceedings (Filing No. 28) is premature, as it is filed in advance of the defendant's §2255 motion, and is therefore denied.

**Motion for Prompt Disposition**

In the defendant's Motion for Prompt Disposition (Filing No. 29), the defendant requests a "prompt" ruling of his Motion for Transcripts (Filing No. 28). The defendant states that he filed the Motion for Transcripts on November 20, 2007. *See* Filing No. 29. However, this court notes the docket sheet and time stamp from the Office of the Clerk state that the defendant's Motion for Transcripts was filed with this court on November 30, 2007. Regardless of this discrepancy, the court must deny the defendant's Motion for Prompt Disposition (Filing No. 29) as moot in light of the court's ruling on the defendant's Motion for Transcripts.

**THEREFORE, IT IS ORDERED**:

1. The defendant's Motion to Proceed In Forma Pauperis (Filing No. 27) is granted.

2. The defendant's Motion for Transcripts and Report of Proceedings (Filing No. 28) is denied.

3. The defendant's Motion for Prompt Disposition (Filing No. 29) is denied as moot.

4. The Clerk of Court is instructed to send a copy of this Memorandum and Order to defendant at his last known address.

DATED this 4th day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge